UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA PARIS,<br><br>            Plaintiff,<br><br>    v.<br><br>ETHICON, INC., JOHNSON & JOHNSON,<br><br>            Defendants. | CASE NO. 3:20-cv-06266-BHS<br><br>ORDER GRANTING REQUEST FOR COUNSEL AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE |

This matter comes before the Court on the Court's order to show cause, Dkt. 65, and Plaintiff Barbara Paris's response requesting appointment of counsel, Dkt. 66.

This case originated in the MDL *In re Ethicon, Inc. Products Liability Litigation*, MDL No. 2327, located in the Southern District of West Virginia. Dkt. 1. Paris brings claims against Defendants arising out of her surgical implantation of Gynemesh PS—a prolene mesh implant—to treat her pelvic organ prolapse. *See id.* at 3; Dkt. 33-1, Plaintiff Fact Sheet ("PFS"), at 4. Dr. Leslie Struxness performed surgery on Paris to implant the Gynemesh PS device on May 5, 2004 in Vancouver, Washington. PFS at 4.

ORDER - 1

1    On March 7, 2019, Paris terminated her counsel. *See* Dkt. 32. Her counsel then moved to withdraw after advising Paris of the discovery deadlines and recommending that she retain new counsel immediately. Dkt. 33-1, Exhibit B. The MDL court granted the motion to withdraw in December 2020 after receiving a statement from Paris that she intended to proceed with her case. *See* Dkts. 38, 39.

    This case was transferred to this Court in January 2021. Dkt. 47. Defendants moved to renote their fully briefed summary judgment motion and their fully briefed motion to dismiss for failure to appear at deposition consistent with the transfer letter. Dkt. 58. Paris moved for an extension of time, asserting that she was having difficulties retaining counsel. Dkt. 59. Defendants did not oppose a continuance, Dkt. 60, and the Court granted Paris an extension of time and ordered her to file a status report by March 12, 2021 explaining whether she had retained counsel or if she intended to proceed pro se, Dkt. 61. Paris did not file a status report, and the Court ordered her to show cause as to why the Court should not rule on Defendants' pending motion, Dkt. 62. Paris again did not comply with the Court's order.

    The Court thus granted Defendants' motion to renote, Dkt. 64, and, upon review of the MDL motions, denied their motion to dismiss pursuant to Rule 37 and granted their motion for order to show cause, Dkt. 65. The Court ordered Paris to show cause why her case should not be dismissed with prejudice for failure to prosecute. *Id.* Paris responded, indicating that she has had difficulty retaining counsel and requesting an appointment of counsel. Dkt. 66. She stated that she has had ongoing health issues because of her mesh implant and has become permanently disabled. *Id.* Defendants replied and argued that the

Court should dismiss the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Dkt. 67.

The Court concludes that this case merits the appointment of counsel to represent Paris. To decide whether exceptional circumstances exist that warrant the appointment of counsel, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The Court finds that this case involves complex issues that Paris lacks the ability to properly address pro se, particularly in light of the complex medical subject matter. Furthermore, this case has already been affected by Paris's significant difficulty in prosecuting her claims while suffering from the injuries and disabilities she alleges were caused by her mesh implant. While it remains unclear if Paris will succeed in establishing all of her claims, a review of the case file has shown that her likelihood of success is enough that it warrants the aid of capable counsel.

Therefore, Paris's request for counsel is **GRANTED**. The Clerk shall identify an attorney or law firm from the Court's Pro Bono Panel to represent Paris.

Furthermore, Defendants' motion for summary judgment, Dkt. 33, is **DENIED without prejudice**. Upon appointment of counsel, the parties shall meet and confer in accordance with Federal Rule of Civil Procedure 26(f), and the Court will set a new case schedule. Defendants may renew or renote their motion for summary judgment in accordance with the new schedule.

**IT IS SO ORDERED.**

Dated this 22nd day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4